**BURGER CHEF SYSTEMS, Inc. v. BURGER CHEF OF FLORIDA, Inc., et al.**
No. 73-3516.
Circuit Court, Orange County.
August 2, 1974.

John H. Ward of Ward, Ward & Formet, Orlando, for the plaintiff.

William L. Eagan of Arnold, Matheny & Eagan, Orlando, for the defendants.

RICHARD B. KEATING, Circuit Judge.

*Final judgment:* This cause coming on to be heard upon the amended complaint of the plaintiff and the answer and counterclaim of defendants and the court having considered the testimony and other evidence produced by the respective parties together with the argument of counsel and the memoranda filed in support of the respective contentions, finds as follows —

Plaintiff, Burger Chef Systems, Inc., a wholly owned subsidiary corporation of General Foods Company, is a corporation engaged in operating and in franchising the operation of fast food restaurants throughout the United States. It was originally organized in about 1956 and acquired by General Foods in 1968. There are presently about 1,000 Burger Chef retail outlets throughout the United States.

The plaintiff company, in its early years, sold "territorial" franchises to selected, responsible persons to facilitate rapid expansion of the chain. The establishment of numerous franchised retail outlets was achieved through the efforts and resources of the territorial franchisees and their organizations. Such a "territorial franchise" was issued to Wesley S. Woodson, for an agreed consideration in 1964. The territory involved was a major portion of the state of Florida which at that time contained no Burger Chef

retail outlets. Woodson and his cousin, William P. Woodson, entered full time into the development of the acquired territory at their own expense and financial risk. The territorial franchise was revised by mutual agreement and executed in its present form on or about July 14, 1966 and, with the consent of plaintiff, was assigned by Wesley S. Woodson, to Burger Chef of Florida, Inc., a Florida corporation, which presently owns and administers the territorial franchise.

The sole business of Burger Chef of Florida, Inc., is the establishment and supervision of Burger Chef restaurants under the territorial franchise. It was organized and is owned for that purpose by Wesley S. Woodson and his cousin, William P. Woodson, and their respective spouses. It enjoys and is dependent upon a substantial gross income from its share of the service fees derived from the successfully operating Burger Chef stores under its supervision. Its employee organization, employee's profit sharing trust, sales potential and other valuable incidents to a "going business" would be lost if the cornerstone of its business, the territorial franchise, were summarily lost through capricious termination by plaintiff.

Plaintiff and defendants have enjoyed a mutually beneficial business relationship since 1964, with the defendants having established and supervised to this time under the territorial franchise approximately sixty retail Burger Chef outlets distributed throughout most of the state of Florida. Service fees collected on the basis of gross sales volume done by each of the retail businesses, as well as moneys from the less regular sale of new franchises and equipment have been substantial in the past. It would be impossible or extremely difficult to measure the damages to Burger Chef of Florida, Inc., which would result if present and potential service fee and sales income were lost resulting in the collapse of the business.

On May 21, 1973, plaintiff notified defendant that plaintiff was terminating the territorial franchise and plaintiff would cease to recognize any rights of defendants in the franchise three months after the notice. There was no complaint of defendant's performance as a territorial franchisee and there was no other cause suggested for the termination. It appears that defendants have fully performed their franchise obligations to date. Contemporaneously with its notice of termination, plaintiff filed this action for declaratory relief, seeking a judicial interpretation of the territorial franchise which would permit its termination at will by the plaintiff without cause. Defendants have opposed plaintiff's contentions and have sought temporary and permanent restraint against plaintiff's summary termination of the franchise.

The express language of the franchise agreement in question is not in dispute and is embodied in the written document of July 14, 1966. There are express provisions for termination upon default by the franchisee. There are no express provisions for termination without default.

## Conclusions

The territorial franchise is not subject to lawful termination without cause at the will of the plaintiff.

The territorial franchise agreement of July 14, 1966 is terminable by plaintiff only for cause and in the manner set out in Item V of the franchise or Item VII of the franchise.

The defendants would be irreparably damaged and without adequate remedy at law if the plaintiff should carry out its avowed intention to terminate the franchise agreement without cause.

It is therefore ordered and adjudged as follows —

The court has jurisdiction of the parties and of the subject matter of this cause.

The territorial franchise agreement dated July 14, 1966 issued by Burger Chef Systems, Inc., to Wesley S. Woodson and assigned to Burger Chef of Florida, Inc., is declared to be terminable only for cause in accordance with its express terms and not terminable at the will of the plaintiff without cause.

The plaintiff is permanently enjoined and restrained from the cancellation or termination of the territorial franchise agreement issued by plaintiff to defendant, Wesley S. Woodson, dated July 14, 1966, and assigned to defendant, Burger Chef of Florida, Inc., except in the manner provided in the instrument in case of default by defendants. The suspension of the operation and effect of the plaintiff's termination letter of May 21, 1973, as provided in the court's temporary order of February 4, 1974, is confirmed and made permanent and the plaintiff, its agents, servants and employees are restrained from refusing to furnish customary accountings and reports, payments and remittances in accordance with the previous normal practice of the parties under the franchise agreement so long as it remains in effect.

The temporary injunction bond filed by defendants and dated February 4, 1974, is discharged and the principals and surety thereunder are released from any further liability.

The court reserves jurisdiction for the assessment of costs as it may deem appropriate in its discretion and for the granting of any further appropriate supplemental relief.